FILED
2015 Sep-10 PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF ALABAMA

*Middle Division*

2015 SEP 10 A 9: 42

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ROGER WILLIAM WATTS "et-al" | ) |
| | ) **Case No.** _____ |
| ROGER WILLIAM WATTS JR "et-al" | ) |
| | ) |
| **Plaintiff(s)** | ) **VERIFIED COMPLAINT** |
| | ) **FOR WRONGFUL FORECLOSURE** |
| Vs | ) **AND WILLFUL FRAUD** |
| | ) |
| | ) **AND** |
| Reynolds, Reynolds and Little, LLC *aka* | ) |
| Reynolds, Reynolds & Duncan, LLC | ) **NOTICE OF CLAIM OF** |
| | ) **LIS PENDENS LIEN** |
| ROBERT P REYNOLDS (as an | ) |
| individual) | ) CV-15-SGC-1559-M |
| | ) |
| **Defendant(s)** | ) |

**VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE
AND WILLFUL FRAUD AND NOTICE OF CLAIM
OF LIS PENDENS LIEN**

COMES NOW, Roger William Watts hereafter "Roger William Watts" or "Plaintiff(s)"
and Party of interest Roger William Watts Jr., hereafter "Roger William Watts Jr.," or
"Plaintiff(s)" moves the court with this VERIFIED COMPLAINT FOR WRONGFUL
FORECLOSURE AND WILLFUL FRAUD AND NOTICE OF CLAIM OF LIS
PENDENS LIEN against Reynolds, Reynolds and Little, LLC (Entity ID # 673-501)
aka Reynolds, Reynolds & Duncan, LLC, "ET-AL" and Robert P. Reynolds *dba*
ROBERT P REYNOLDS as an individual in his private and commercial capacity. Pro
se, Plaintiff(s) respectfully request the indulgence of this court as Pro se, Plaintiff(s) are
not schooled in law. This is provided by the precedent set by Haines vs. Kerner at 404
U.S. 519.

## PARTIES

A.   Plaintiff(s), Roger William Watts hereafter ROGER WILLIAM WATTS or Plaintiff(s) is an individual residing in the Alabama.

B.   Plaintiff(s), Roger William Watts Jr., hereafter ROGER WILLIAM WATTS JR or Plaintiff(s) is a party of interest and an individual residing in the Alabama.

C.   Reynolds, Reynolds and Little, LLC (Entity ID # 673-501) aka Reynolds, Reynolds & Duncan, LLC is a corporation organized and existing under the laws of the State of Alabama.

D.   Robert P. Reynolds *dba* ROBERT P REYNOLDS is an individual believed to reside in State of Alabama.

## PLAINTIFF(S) DEMAND FOR A JURY TRIAL

Plaintiff(s), herein referenced, asserts his/her/their rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues of fact, in accordance with Federal Rule of Civil Procedure 38.

## MANDITORY JUDICIAL NOTICE

Let the records show the Plaintiff(s) herein binds and accept the oaths of all other officers of the court who many come in contact with the matter of Roger

William Watts and Roger William Watts Jr., versus, Reynolds, Reynolds and Little, LLC (Entity ID # 673-501) aka Reynolds, Reynolds & Duncan, LLC, "ET-AL" and Robert P. Reynolds *dba* ROBERT P REYNOLDS as an individual "et al" all are noticed under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of *Haines v Kerner*, 404 U.S. 519-421, *Platsky v. C.I.A.* 953 F.2d. 25, and *Anastasoff v. United States,* 223 F.3d 898 (8th Cir. 2000), relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001). In re *Haines*: pro se litigants are held to less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re *Platsky*: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings. In re *Anastasoff*: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. Platsky: court errs if court dismisses the pro

se litigant (Plaintiff is a pro se litigant) without instruction of how pleadings are deficient and how to repair pleadings. In re Anastasoff:

## INTRODUCTION; JURISDICTION AND VENUE

1.      This is an action for WRONGFUL FORECLOSURE AND WILLFUL FRAUD AND NOTICE OF CLAIM OF LIS PENDENS LIEN and other relief.

2.      This court has jurisdiction under 28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs. ($1,140,000.00) Defendant(s) herein maintains their main offices in the State of Alabama and does do business within State of Alabama. Plaintiff(s) are residents of the State of Alabama for a period in excess of 50 years.

3.      This civil action arises under a fraudulent foreclosure action. Wherein Plaintiff(s) moves the court with a COMPLAINT FOR WRONGFUL FORECLOSURE AND WILLFUL FRAUD AND NOTICE OF CLAIM OF LIS PENDENS LIEN against Reynolds, Reynolds and Little, LLC (Entity ID # 673-501) aka Reynolds, Reynolds & Duncan, LLC, "ET-AL" and Robert P.

Reynolds *dba* ROBERT P REYNOLDS as an individual in his private and commercial capacity "et al".

4.   The Defendant(s) herein are wrongfully, unlawful and illegally attempting sell Plaintiff(s) property located at 1446 Sutton Bridge Road, Rainbow City 35908 on or about September 11, 2015. The Plaintiff(s) moves the court for a Temporary Restraining Order pursuant to Federal Rules of Civil Procedure 65(a)(1)(2)(b)(1)(A)(B)(d)(e) in that a fraudulent sale and eviction from of Plaintiff(s) properties will cause irreparable injury and damage to Plaintiff(s). The Plaintiff(s), complaint alleges violations of law by fraudulent practices of Defendant(s), denying Plaintiff(s) full disclosure, due process, and a fair trial, based upon fraudulent documents with the intentions to wrongfully, unlawfully / illegally foreclose on the property located at 1446 Sutton Bridge Road, Rainbow City 35908.

5.   All of the claims derive from a common nucleus of operative fact. All the events herein-transpired with the property that's located in the 1446 Sutton Bridge Road, Rainbow City 35908.

### *STATUS OF PARTIES*

6.    Plaintiff(s) herein are a father and son the naked owner(s) of title for the said Homestead Property located at 1446 Sutton Bridge Road, Rainbow City 35908.

7.    Defendant(s) is a corporation doing business in collecting debt under the name of Reynolds, Reynolds and Little, LLC (Entity ID # 673-501) aka Reynolds, Reynolds & Duncan, LLC. The Defendant(s) is doing business in the State of Alabama and is served at their Registered Agent: Robert P. Reynolds at 2115, 11th Street, Tuscaloosa, Alabama 35403.

## AFFIDAVIT OF FACTS AND STATEMENTS OF THE TRUTH

8.    Let the record show: I/We, Roger William Watts and Roger William Watts Jr., am/are of lawful age competent and willing to testify as follows based on my/our own personal knowledge. It appears and Plaintiff(s) believes based on evidence, experience and common sense that agent Robert P. Reynolds by and through Reynolds and Little, LLC aka Reynolds, Reynolds & Duncan, LLC (Entity ID # 673-501), hereafter Reynolds, Reynolds and Little, LLC "et-al" and agents for The Exchange Bank of Alabama (Entity ID # 007-234) aka The Exchange Bank - Attalla, Alabama , hereafter The Exchange Bank of Alabama

"et. al", collectively, did work or are working in collusion with each other in acts of deception, intentional concealment, omission, or perversion of truth, to (1) gain unlawful or unfair advantage, (2) induce another to part with some valuable item or surrender a legal right, or (3) inflict injury in some manner against Plaintiff(s) herein in referenced.

9.    Let the record show Robert P. Reynolds an agent for Reynolds, Reynolds and Little, LLC "et-al" is a professional debt collectors and has advanced writings which unverified agents for The Exchange Bank of Alabama and unverified Robert P. Reynolds know are false. Let the record show agent Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC "et-al" is/are relying on the false writings to the detriment of the Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC "et-al". A jury shall determine Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC "et-al" in an attempt to extort over $380,000.00 from Defendant(s), herein warranting treble damages, or $1,140,000.00 plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress. Pro se litigants may be entitled to Attorney fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641, as amended 42 USC 1988.

10. On or about the 11th, day of September, 2015, the Defendant(s) herein are attempting to perform an unlawfully and illegally foreclosure sale on Plaintiff(s) property herein referenced.

11. The Defendant(s) Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC "et-al" concealed what he/they know to be true, failed to verify alleged debt, failed to validate alleged debt, misrepresented the facts, made false statements in dishonor in a Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015. ForeclosureNotice. 18.0024.

## FACTS IN DISPUTE / TRIABLE ISSUES OF FACT:

Let the record show the following facts in dispute / triable issues of fact: Whether agents for The Exchange Bank of Alabama authorized a Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015. ForeclosureNotice. 18.0; whether a contract between The Exchange Bank of Alabama and Plaintiff(s) survives today, Whether Plaintiff(s) currently owes The Exchange Bank of Alabama money. Whether Agent(s) by and through the Reynolds, Reynolds and Little, LLC lacks standing

to perform foreclosure sale on Plaintiff(s) property herein referenced. Whether, Agent(s) for The Exchange Bank of Alabama and Agent(s) for Reynolds, Reynolds and Little, LLC lacks first-hand knowledge and standing to perform foreclosure sale on Plaintiff(s) property herein referenced. Accordingly unverified Robert P. Reynolds cannot act as a fact witness for an alleged client - The Exchange Bank of Alabama. Let the record show Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC "et-al" undisputed act of refusing to verify and validate said alleged debt that Plaintiff(s) owes The Exchange Bank of Alabama money is an act of willful bad faith and or willful fraud, and Whether Plaintiff(s) have been damaged emotionally, financially, and or socially by ongoing litigation coupled with continued refusal to verify that The Exchange Bank of Alabama authorized the said action in the said Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015. ForeclosureNotice. 18.0024; that a contract between The Exchange Bank of Alabama and Plaintiff(s) survives today; or that Plaintiff(s) owes The Exchange Bank of Alabama money. Robert P. Reynolds has placed **no facts** before said Plaintiff(s) to support the said Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015. ForeclosureNotice. 18.0024; No fact appears before Plaintiff(s) or on the record whether by deposition, admission; answer to interrogatory or affidavit by a fact

witness with first-hand knowledge to support the averments of Robert P. Reynolds' Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015. ForeclosureNotice. 18.0024 herein referenced. The said Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015 is not validated, misrepresented, unverified, irrelevant, illegal, unlawful, unacceptable and inadmissible. Let the record show Counsel Robert P. Reynolds is not a fact witness and lacks standing to submit/publish said Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015. ForeclosureNotice. 18.0024; therefore Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC cannot act as a fact witness for alleged client. Robert P. Reynolds lacks standing, and proof of a client, to publish said Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015. ForeclosureNotice. 18.0024. *Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, "Statements of counsel are not facts before the Court," see FRCPA Rule 52(a) and United States v. Lovasco (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752, Holt v. United States (10/31/10) 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2.*

Debt Collector Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC, IS A COLLECTION AGENCY AND REQUIRED TO FOLLOW TITLE 15 Chapter 41 Sub V section 1692 – DEBT COLLECTION PRACTICES

Let the record show Attorney Robert P. Reynolds is a foreign agent by and through the Reynolds, Reynolds and Little, LLC "et-al" and all its agents are Debt Collectors. Accordingly let the record show The Exchange Bank of Alabama and all its agents are Debt Collectors. Let the record show it appears that Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC "et-al" is just a collection agency and thereby is required to follow 15 U.S. Code Chapter 41, Subchapter V - DEBT COLLECTION PRACTICES. Let the record show it appears that The Exchange Bank of Alabama is just a collection agency and thereby is required to follow 15 U.S. Code Chapter 41, Subchapter V - DEBT COLLECTION PRACTICES. Let the record show Title 15 relates to "verified assessment", in other words the debt collector must provide proof to validate the debt and any case involving debt and this action herein must be held in the judicial district court pursuant to 28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs. Let the record show Attorney Debt-Collector, Robert P. Reynolds has not verified and Validate the allege debt before initiating the said Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015, and willfully

attempting a wrongful foreclosure on said property or about the 11th day of September 2015.

## NOTICE FOR REVOCATION OF MORTGAGE

Let the record show One who is Roger William of the Watts family, hereafter "One" or "Roger William Watts" the living sentient man created in the image of Almighty God, with indefeasible title to One's land. Let the record show pursuant to 12 USC 95a (2), One is the Protector, Property Manager and NAKED Owner for the landed estate known as ROGER WILLIAM WATTS and its real property and interest under the seal of <u>Roger William Watts</u> in the capacity of <u>Roger W. Watts,</u> recorded as the President for the <u>MORTGAGOR</u> Entity Name: ENRESTORATION INC on the MORTGAGE/Security Instrument dated March 12 1999 also described on the attached authentic said MORTGAGE, Security Instrument filed and recorded the 22nd day of March 1999, Book 1999, Page 81, Doc #: M-1999-1222, Year: 1999, which lacked Lender / Mortgagee acknowledgement and acceptance of said MORTGAGE / Security Instrument herein referenced.

One accepts the oaths of all lawful officers and binds them to it, and in return extends ones sovereign immunities to carry out this lawful order.

As President for the <u>MORTGAGOR,</u> Entity Name: ENRESTORATION INC. Roger William Watts in the capacity of <u>Roger W. Watts,</u> sealed a MORTGAGE/Instrument dated March 12 1999 naming TONY PEARSON and wife PATTIE PEARSON as the Lender / Mortgagee as witnessed by a Notary Public.

Evidence of said MORTGAGE/Security Instrument can be found in the Etowah County Probate Office, Etowah County Probate Judge Bobby M. Junkins, 800 Forrest Avenue, Gadsden, AL 35901; MORTGAGE/Security Instrument dated March 12 1999, filed and recorded the 22nd day of March 1999, Book 1999, Page 81, Doc #: M-1999-1222, Year: 1999.

Under the lawful powers of the President for the <u>MORTGAGOR.</u> Entity Name: ENRESTORATION INC, of the said modern statutory MORTGAGE; One herein revoked said MORTGAGE/Security Instrument due to lack of execution and or delivery acknowledgement by the Lender or its agent. The Lender or its agent shall failed to acknowledge delivery of a said MORTGAGE and until then the President for the <u>MORTGAGOR</u> Entity Name: ENRESTORATION INC has the power to revoke said MORTGAGE.

One has executed that power the 10th day of August 2015.

Let the record show evidence of the said AFFIDAVIT FOR REVOCATION OF MORTGAGE was filed and recorded the 13th day of August 2015, Miscellaneous Instrument Number 3422088, Pages 13, in the Etowah County Probate Office, Etowah County Probate Judge Bobby M. Junkins, 800 Forrest Avenue, Gadsden, AL 35901. NOTICE the said AFFIDAVIT FOR REVOCATION OF MORTGAGE has been entered herein on and for the record August 13, 2015.

Therefore all assignments, rents, issues, profits, and right and title that are the beneficial Interest of this Mortgage are to be immediately reverted absolutely to Roger William of the Watts family in the name of One's landed estate ROGER WILLIAM WATTS. One further declares the Officer(s) of said MORTGAGE free and discharged from any further responsibility of the administration and management of said Mortgage and the principle thereof.

One's wish to revoke said MORTGAGE and all assignments is now a matter for the public authentic record as One's freewill act and deed, witnessed under One's hand and seal and lawfully acknowledged and attested too with full faith

and credit guaranteed by Article 4 section I of the United States of America Constitution. Done under One's seal of One's freewill act and deed.

Accordingly, Pro se Plaintiff(s) hereby DAMANDS Defendant(s) herein to cease and desist all foreclosure procedures NOW.

## NOTICE FOR CLAIM IN RECOUPMENT

Let the record show One who is known as Roger William Watts, Protector, Property Manager and NAKED Owner Assumed Name / Trade Name ROGER WILLIAM WATTS; Being age of majority One exercises claim of recoupment for pledge and grant of bailment of person and property in the state of infancy accepted by and delivered to debtors/Bailees/ The Exchange Bank of Alabama (Entity ID # 007-234) aka The Exchange Bank - Attalla, Alabama, as consideration for act of bailment by the One who is Protector, Property Manager and NAKED Owner Assumed Name / Trade Name ROGER WILLIAM WATTS which is the property of the UNITED STATES pursuant to 12 USC 95a(2).

## NOTICE FOR UCC-1 FINANCING STATEMENT

Let the record show One who is known as Roger William Watts, Protector, Property Manager and NAKED Owner Assumed Name / Trade Name ROGER WILLIAM WATTS; hereby gives notice for UCC-1 Financing Statement

Instrument Number 3423149 Pages 3 dated September 04, 2015 filed and recorded in Etowah County Probate Office, Etowah County Probate Judge Bobby M. Junkins, 800 Forrest Avenue, Gadsden, AL 35901. *SEE "EXHIBIT-A"*

## NOTICE FOR UCC-3 ASSIGNMENT

Let the record show One who is known as Roger William Watts, Protector, Property Manager and NAKED Owner Assumed Name / Trade Name ROGER W WATTS; hereby gives notice for UCC-3 Financing Statement Assignment Instrument Number 3423151 Pages 1 dated September 04, 2015 filed and recorded in Etowah County Probate Office, Etowah County Probate Judge Bobby M. Junkins, 800 Forrest Avenue, Gadsden, AL 35901. *SEE "EXHIBIT-B"*

## ALABAMA RULES OF PROFESSIONAL CONDUCT

Let the record show the Plaintiff(s) herein believe and it appears Attorney/debt collector Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC "et-al"; and agent(s) by and through The Exchange Bank of Alabama are all working in collusion to deprive and defraud defendant(s) herein of their property.

Let the record show the Attorney/debt collector- Robert P. Reynolds, appear to have violated the follows <u>Alabama Rules of Professional Conduct</u>;

Rule 3.3 Candor Toward the Tribunal, (a), (1), (2), (3), (b), (c), (d).

Rule 3.4 Fairness to Opposing Party and Counsel, (a), (b), (c), (d), (1), (2), (3).

Rule 3.5 Impartiality and Decorum of the Tribunal, (a), (b), (c).

Rule 3.7 Attorney as a Witness

Rule 4.1 Truthfulness in Statements to Others, (a), (b).

Rule 8.4 Misconduct, (a), (b), (c), (d), (e), (f), (g).


## ADVANCES OF BANK CREDIT AS THE EQUIVALENT OF MONEY

Let the record show Attorney Robert P. Reynolds by and through the Reynolds, Reynolds and Little, LLC and agent(s) for The Exchange Bank of Alabama apparently asserts that the Plaintiff(s) herein signed a promise to pay, such as a note(s) or credit application (collectively, the "Note"), in exchange for The Exchange Bank of Alabama  advance of funds, credit, or some type of money to or on behalf of Plaintiff(s). However, the bookkeeping entries required by application of GAAP and the Federal Reserve's own writings should trigger close scrutiny of Attorney Robert P. Reynolds and agent(s) apparent assertions that The Exchange Bank of Alabama lent its funds, credit, or money to or on behalf of Plaintiff(s), thereby causing them to owe The Exchange Bank of Alabama

$380,000.00 / [285,000.00] for MORTGAGE is Filed and recorded the 22nd day of March 1999, Book 1999, Page 81, Doc #: M-1999-1222, Year: 1999. According to the bookkeeping entries shown or otherwise described and application of GAAP, the Plaintiff(s) allegedly were to tender some form of *money* ("lawful money of the United States of America" is the type of money explicitly called for in the Note), securities or other capital equivalent to money, funds, credit, or something else of value in exchange (money of exchange, loosely defined), collectively referred to herein as "money," to repay what the Plaintiff claims was the *money* lent to the Plaintiff(s). It is not an unreasonable argument to state that agents for The Exchange Bank of Alabama apparently changed the economic substance of the transaction from that contemplated in the credit application form, agreement, note(s), or other similar instrument(s) that the Plaintiff(s) executed, thereby changing the costs and risks to the Plaintiff(s).

At most, The Exchange Bank of Alabama extended its own *credit* (money of account), but the Plaintiff(s) were required to repay in *money* (money of exchange, and *lawful money* at that), **which creates at least the inference of inequality of obligations** on the two sides of the transaction *(money,* including *lawful money, is* to be exchanged for *bank credit)*.

## MODERN AUTHORITIES ON MONEY

To understand what occurred between Plaintiff and Defendants concerning the alleged loan of *money* or, more accurately, *credit,* it is helpful to review a modern Federal Reserve description of a bank's lending process. *See,* David H. Friedman, MONEY AND BANKING (4th ed. 1984) (apparently already introduced into this case): "The commercial bank lending process is similar to that of a thrift in that the receipt of cash from depositors increases both its assets and its deposit liabilities, which enables it to make additional loans and investments. . . . When a commercial bank makes a business loan, it accepts as an asset the borrower's debt obligation (the promise to repay) and creates a liability on its books in the form of a demand deposit in the amount of the loan." (Consumer loans are funded similarly.) Therefore, the bank's original bookkeeping entry should show an increase in the amount of the asset credited on the asset side of its books and a corresponding increase equal to the value of the asset on the liability side of its books. **This would show that the bank received the customer's signed promise to repay as an** *asset,* **thus** *monetizing* **the customer's signature and creating on its books a liability in the form of a demand deposit or other demand liability of the bank.** The bank then usually would hold this demand deposit in a transaction account on behalf of the customer. Instead of the bank lending its *money* or other assets to the customer, as the customer reasonably might believe from the face of the Note, the bank *created* funds for the customer's transaction account without the

customer's permission, authorization, or knowledge and delivered the *credit* on its own books representing those funds to the customer, meanwhile alleging that the bank lent the customer *money*. If The Exchange Bank of Alabama response to this line of argument is to the effect that it acknowledges that it lent credit or issued credit instead of money, one might refer to Thomas P. Fitch, BARRON'S BUSINESS GUIDE DICTIONARY OF BANKING TERMS, "Credit banking," 3. "Bookkeeping entry representing a deposit of funds into an account." But The Exchange Bank of Alabama  loan agreement apparently avoids claiming that the bank actually lent the Plaintiff(s) *money*. They apparently state in the agreement that the Plaintiff(s) are obligated to repay The Exchange Bank of Alabama principal and interest for the "Valuable consideration (money) The Exchange Bank of Alabama gave the Plaintiff(s) (grantor/borrower)." The loan agreement and Note apparently still delete any reference to The Exchange Bank of Alabama 's receipt of actual cash value from the Plaintiff(s) and exchange of that receipt for actual cash value that The Exchange Bank of Alabama returned.

### According to the Federal Reserve Bank of New York, money is anything that has value that banks and people accept as money; money does not have to be issued by the government.

For example, David H. Friedman, I BET YOU THOUGHT. . . . 9, Federal Reserve Bank of New York (4th ed. 1984)(apparently already introduced into this case), explains that banks create new money by depositing IOUs, promissory notes, offset by bank liabilities called checking account balances. Page 5 says, "Money doesn't have to be intrinsically valuable, be issued by government, or be in any special form. . . ." The publication, Anne Marie L. Gonczy, MODERN MONEY MECHANICS 7-33, Federal Reserve Bank of Chicago (rev. ed. June 1992)(apparently already introduced into this case), contains standard bookkeeping entries demonstrating that *money* ordinarily is recorded as a bank *asset,* while a bank *liability* is evidence of *money* that a bank owes. The bookkeeping entries tend to prove that banks accept cash, checks, drafts, and promissory notes/credit agreements (assets) as *money* deposited to create credit or checkbook money that are bank *liabilities,* which shows that, absent any right of setoff, banks owe *money* to persons who deposit *money.*. **Cash (money of exchange) is money, and credit or promissory notes (money of account) become money when banks deposit promissory notes with the intent of treating them like deposits of cash.** *See,* 12 U.S.C. Section 1813 (/)(1) (definition of "deposit" under Federal Deposit Insurance Act). The Plaintiff acts in the capacity of a lending or banking institution, and the newly issued credit or money is similar or

equivalent to a promissory note, which may be treated as a deposit of money when received by the lending bank. Federal Reserve Bank of Dallas publication MONEY AND BANKING, page 11, explains that when banks grant loans, they create new money. The new money is created because a new "loan becomes a deposit, just like a paycheck does." MODERN MONEY MECHANICS, page 6, says, "What they [banks] do when they make loans is to accept promissory notes in exchange for credits to the borrowers' transaction accounts." The next sentence on the same page explains that the banks' assets and liabilities increase by the amount of the loans.

## COMMENTARY AND SUMMARY OF ARGUMENT

Apparently agents for The Exchange Bank of Alabama accepted the Plaintiff(s) Note and credit application (money of account) in exchange for its own credit (also money of account) and deposited that credit into an account with the Plaintiff(s) names on the account, as well as apparently issuing its own credit for $380,000.00 to The Exchange Bank of Alabama for the account of the Plaintiff(s). One reasonably might argue that the agents for The Exchange Bank of Alabama recorded the Note or credit application as a loan (money of account) from the Plaintiff(s) to The Exchange Bank of Alabama and that The Exchange Bank of

Alabama then became the borrower of an equivalent amount of money of account from the Plaintiff(s).

### THE EXCHANGE BANK OF ALABAMA IN FACT NEVER LENT ANY OF ITS OWN PRE-EXISTING MONEY, CREDIT OR SOME ASSETS AS CONSIDERATION TO PURCHASE THE NOTE OR CREDIT AGREEMENT FROM PLAINTIFF(S)

Let the record show it appears that The Exchange Bank of Alabama refuses to lend its own money and there is an utter ***failure of consideration*** for the a "loan contract". When The Exchange Bank of Alabama deposited the Plaintiff(s)' $380,000.00 of newly issued credit into an account, agents for The Exchange Bank of Alabama created a $380,000.00 [$285,000.00] of new money (the nominal principal amount less up to ten percent or $40,000 of reserves that the Federal Reserve would require against a demand deposit of this size). The Plaintiff received $380,000.00 of credit or money of account from the Plaintiff(s) as an asset. GAAP ordinarily would require that The Exchange Bank of Alabama record a liability account, crediting the Plaintiff(s)' deposit account, showing that The Exchange Bank of Alabama owes $380,000.00 of money to the Plaintiff(s), just as if the Plaintiff(s) were to deposit cash or a payroll check into their account.

The following appears to be a disputed fact in this case about which Plaintiff(s) have insufficient information on which to form a conclusion: Plaintiff(s) infer that it

is alleged that The Exchange Bank of Alabama refused to lend the Plaintiff(s) The Exchange Bank of Alabama own money or assets and recorded a $380,000.00 loan from the Plaintiff(s) to The Exchange Bank of Alabama, which arguably was a $380,000.00 deposit of money of account by agents for The Exchange Bank of Alabama and then when agents for The Exchange Bank of Alabama repaid the Plaintiff(s) by paying its own credit (money of account) in the amount of $380,000.00 to third-party sellers of goods and services for the account of Plaintiff(s), the Plaintiff(s) were repaid their loan to The Exchange Bank of Alabama, and the transaction was complete.

Let the record show Plaintiff(s) herein have sufficient knowledge of the facts in this case to form a conclusion on the following disputed points: None of the following material facts are disclosed in the credit application or Note or were advertised by The Exchange Bank of Alabama to prove that the Plaintiff(s) are the true lender(s) and The Exchange Bank of Alabama is true borrower.

Let the record show the agents for The Exchange Bank of Alabama and the Reynolds, Reynolds and Little, LLC are trying to use the credit application form, Assignment or Note to persuade and deceive the Plaintiff(s) into believing that the opposite occurred and in reality The Exchange Bank of Alabama was the borrower and not the lender.

Let the record show the following point is undisputed: The Plaintiff(s)' loan of their credit to The Exchange Bank of Alabama, when issued and paid from their deposit or credit account at The Exchange Bank of Alabama became money in the Federal Reserve System (subject to a reduction of up to ten percent for reserve requirements) as the newly issued credit was paid pursuant to written orders, including checks and wire transfers, to sellers of goods and services for the account of Plaintiff(s).

Based on the foregoing, The Exchange Bank of Alabama is using the Plaintiff(s) $380,000.00 Note for its own purposes and it remains to be proven whether The Exchange Bank of Alabama has incurred any financial loss or actual damages.

## JURY TRIAL DEMANDED

Plaintiff(s) do hereby Demand a Jury Trial for the above styled action.

## REMEDY SOUGHT

Determination by this Court that Defendants collectively, did work or are working in collusion with each other in Act or course of deception, an intentional concealment, omission, or perversion of truth, to (1) gain unlawful or unfair advantage, (2) induce another to part with some valuable item or surrender a legal right, or (3) inflict injury in some manner against the Plaintiff(s) herein. Accordingly the rulings and determinations of The United

States Supreme Court have precedent over unverified Attorney, opinions and justly require a judgment in favor of Plaintiffs herein in treble damages, or $1,140,000.00 from each defendant plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress.

**Wherefore;** Determination by this Court that the evidence of the said AFFIDAVIT FOR REVOCATION OF MORTGAGE was filed and recorded the 13th day of August 2015, Miscellaneous Instrument Number 3422088, Pages 13, in the Etowah County Probate Office, Etowah County Probate Judge Bobby M. Junkins, 800 Forrest Avenue, Gadsden, AL 35901 and justly requires the said Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015 to be Dismissed, Quashed or Strike and deemed as legally insufficient for lack of standing, failure to verify alleged debt, failure to validate alleged debt, lack of full disclosure, misrepresentation of the facts, and false statements in dishonor.

**Accordingly;** determination by this Court that the unverified Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC "et-al" cannot act as a fact witness for an alleged client - The Exchange Bank of Alabama and justly requires the said Notice of Mortgage Foreclosure Sale Publication Dates: August

22, 2015, August 29, 2015, September 05, 2015 to be Dismissed, Quashed or Strike and deemed as legally insufficient for lack of standing, failure to verify alleged debt, failure to validate alleged debt, lack of full disclosure, misrepresentation of the facts, and false statements in dishonor.

**Accordingly;** determination by this Court that Robert P. Reynolds by and through Reynolds, Reynolds and Little, LLC "et-al" has placed **no facts** before said Plaintiff(s) to support the said Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015. No fact appears before Plaintiffs herein or on record whether by deposition, admission; answer to interrogatory or affidavit by a fact witness with first-hand knowledge to support the averments of Robert P. Reynolds' Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015 and justly requires the said Notice of Mortgage Foreclosure Sale Publication Dates: August 22, 2015, August 29, 2015, September 05, 2015 to be Dismissed, Quashed or Strike and deemed as legally insufficient for lack of standing, failure to verify alleged debt, failure to validate alleged debt, lack of full disclosure, misrepresentation of the facts, and false statements in dishonor.

**Wherefore;** Plaintiff(s) seek award in treble damages, or $1,140,000.00 from each defendant plus a like amount for Act or course of deception, an intentional concealment, omission, or perversion of truth, to (1) gain unlawful or unfair advantage, (2) induce another to part with some valuable item or surrender a legal right, or (3) inflict injury in some manner against the Plaintiff(s) herein.

**Wherefore;** Plaintiff(s) seek award in treble damages, or $1,140,000.00 from each defendant plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress in favor of Plaintiff(s) herein.

**Wherefore;** Plaintiff(s) request award in treble damages, or $1,140,000.00 from each defendant for willful fraud, willful misrepresentation, willful breach of trust, and willful dishonest service to the public, willful making false statements, plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress in favor of Plaintiff(s). Pro se litigants may be entitled to Attorney fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641, as amended 42 USC 1988.

Respectfully submitted this _10_ day of September, 2015

By:_____
Roger William Watts, Pro se

By:_____
Roger William Watts Jr., Pro se

# VERIFICATION

I/We, <u>Roger William Watts</u> and <u>Roger William Watts Jr.,</u> declare as follows:

1) I am named as the Plaintiff(s) in the above-entitled matter.

2) I have read the foregoing VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE AND WILLFUL FRAUD AND NOTICE OF CLAIM OF LIS PENDENS LIEN, and attached Affidavit, and know the facts therein stated to be true and correct.

3) I declare, under penalty of perjury pursuant to the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this _10_ day of September, 2015

By: _____
Roger William Watts, Pro se
BETHLEHEM MANAGEMENT
c/o: P.O. Box 894
Gadsden, Alabama 35902

By: _____
Roger William Watts Jr., Pro se
BETHLEHEM MANAGEMENT
c/o: P.O. Box 894
Gadsden, Alabama 35902

917 684 4470

# AFFIDAVIT

STATE OF ALABAMA

COUNTY OF ETOWAH

I/We, <u>Roger William Watts</u> and <u>Roger William Watts Jr.</u>, being domiciled in Etowah County, Alabama and;

1. Being a Citizen of Alabama state and;

2. Being of the age of Majority, and;

4) Submitted the attached VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE AND WILLFUL FRAUD AND NOTICE OF CLAIM OF LIS PENDENS LIEN says;

4  I/We do hereby affirm that the allegations contained herein are true to my best knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

Respectfully submitted on this _10_ day of September, 2015

By: _____
    Roger William Watts, Pro se
    BETHLEHEM MANAGEMENT
    c/o: P.O. Box 894
    Gadsden, Alabama 35902

By: _____
    Roger William Watts Jr., Pro se
    BETHLEHEM MANAGEMENT
    c/o: P.O. Box 894
    Gadsden, Alabama 35902

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>ACKNOWLEDGEMENT</u>

State of Alabama   )
        ) solemnly affirming
County of Etowah   ) and subscribing


By: _Roger W Watts_____
  Roger William Watts, Pro se


By: _Roger W Watts Jr. Pro Se_____
  Roger William Watts Jr., Pro se


On _____ day of <u>September</u>, 2015 personally appeared before me, <u>Roger William Watts</u> and <u>Roger William Watts Jr.,</u> whose names are subscribed in the within this VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE AND WILLFUL FRAUD AND NOTICE OF CLAIM OF LIS PENDENS LIEN instrument, and acknowledged to me that he/she/they executed the same.


Witness my hand and official seal   By: _Tanisha Dillon_____

My commission expires: 05·12 A

# *EXHIBIT-A*

## NOTICE FOR UCC-1 FINANCING STATEMENT

Let the record show One who is known as Roger W. Watts, Protector, Property Manager and NAKED Owner Assumed Name / Trade Name ROGER W WATTS; hereby gives notice for **UCC-1 Financing Statement Instrument Number 3423149 Pages 3** dated September 04, 2015 filed and recorded in Etowah County Probate Office, Etowah County Probate Judge Bobby M. Junkins, 800 Forrest Avenue, Gadsden, AL 35901.

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**BOARD OF TRUSTEE**

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

EXCHANGE BANK
REGIONS BANK
O. B. Grayson Hall Jr., CEO, President
1900 Fifth Avenue North
Birmingham, AL 35203

State of Alabama, Etowah County
I certify this instrument was filed
and fees collected on:

2015 September- 4   1:29PM

Instrument Number 3423149  Pages  3
--------UCC--------
RECORDING  20.00   INDEX FEE   5.00
SCAN FEE    5.00   MENTAL HE   2.00
PROBATE J   3.00
Total Fees ----------      35.00

Bobby Junkins, Judge of Probate

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **EXCHANGE BANK** | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1900 Fifth Avenue North | Birmingham | AL | 35203 | US |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **REGIONS BANK** | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1900 Fifth Avenue North | Birmingham | AL | 35203 | US |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| Watts | Roger | William | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| c/o: 421 4th Avenue | Gadsden | AL | [35902-9998] | usa |

4. COLLATERAL: This financing statement covers the following collateral:
This is Actual and Constructive Notice that all of Debtors' Interest now owned or hereafter acquired is hereby accepted as collateral for securing contractual obligation in favor of the Secured Party as whereas the Secured Party hereby gives NOTICE: In accordance with UCC – Property - this is the entry of the Debtors in the Commercial Registry as a transmitting utility and the following property is hereby registered in the same as public notice of a commercial transaction: The surety/property utilized to guarantee the payment of this commercial lien is the operational / commercial bonds and or insurance policy of each of the Lien Debtors. If the bond(s) of the Lien Debtors is/are insufficient for coverage, the payment (s) the assets of the Lien Debtor(s) will be utilized as follows: Notice Debtors herein are claimed and liened in the sum certain amount of $5,203,948.90. Notice of Affidavit of Obligation, Final Judgment and Determination; Notary Certificate of Non-Response and Non-Performance, Instrument Number 3422089 Pages 14, Filed and Recorded, August 13, 2015 at 10: 51AM in the Bobby Junkins, Judge of Probate Court, Etowah County, State of Alabama. Notice Affidavit for Revocation of Mortgage Instrument Number 3422088 Pages 13, Filed and Recorded, August 13, 2015 at 10:48AM in the Bobby Junkins, Judge of Probate Court, Etowah County, State of Alabama. EXCHANGE BANK Entity ID Number 706-584; REGIONS BANK Entity ID Number 006-854.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☒ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☒ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**BOARD OF TRUSTEE**          BETHLEHEM MANAGEMENT a common law trust organization

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)     International Association of Commercial Administrators (IACA)

CERTIFIED
TRUE COPY OF THE ORIGINAL
BOBBY JUNKINS JUDGE OF PROBATE
ETOWAH COUNTY, ALABAMA
By
Date   9-4-15

# *EXHIBIT-B*

### NOTICE FOR UCC-3 ASSIGNMENT

Let the record show One who is known as Roger W. Watts, Protector, Property Manager and NAKED Owner Assumed Name / Trade Name ROGER W WATTS; hereby gives notice for **UCC-3 Financing Statement Instrument Number 3423151 Pages 1** dated September 04, 2015 filed and recorded in Etowah County Probate Office, Etowah County Probate Judge Bobby M. Junkins, 800 Forrest Avenue, Gadsden, AL 35901.

## UCC FINANCING STATEMENT AMENDMENT
**FOLLOW INSTRUCTIONS**

A. NAME & PHONE OF CONTACT AT FILER (optional)
**BOARD OF TRUSTEE**

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

    Loretta Elizabeth Lynch, U.S. Attorney General
    United States Attorney's Office
    For the District of Columbia
    555 4th Street, NW,
    Washington, DC 20530

State of Alabama, Etowah County
I certify this instrument was filed
and fees collected on:

2015 September- 4  1:33PM

Instrument Number 3423151 Pages  1
----------UCC----------
RECORDING  20.00  INDEX FEE   1.00
SCAN FEE    5.00  MENTAL HE   2.00
PROBATE J   3.00
Total Fees ----------------   31.00
Bobby Junkins, Judge of Probate

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☑ This FINANCING STATEMENT AMENDMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS |
|---|---|
| 3 4 2 3 / 4 4 | Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☑ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:      AND  Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record   ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **EXCHANGE BANK** | | | |
| OR  6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **UNITED STATES TREASURY** | | | |
| OR  7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1500 Pennsylvania Avenue NW | Washington | DC | 20220 | US |

8. ☑ **COLLATERAL CHANGE:** Also check one of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☑ ASSIGN collateral
Indicate collateral:

This is an actual constructive public notice of a full assignment for release of expectancy and release of reversionary interest
assigned to and for the UNITED STATES upon condition and property so received be sold and the proceeds used to reduce
the public debt as gratitude for the gift of safe harbor as per 12 USC 95a (2). 1. Usnfructary interest assigned to and for the
account of UNITED STATES OF AMERICA in fulfillment of the law. 2. Remainderman assigned to and for the account of
STATE OF ALABAMA in fulfillment of the law.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| **Watts** | **Roger** | **William** | |

10. OPTIONAL FILER REFERENCE DATA:
Subscribed and Seal By: _____, Living Principal, Naked Owner and Secured Party.

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

CERTIFIED
A TRUE COPY OF THE ORIGINAL
BOBBY M. JENKINS, JUDGE OF PROBATE
ETOWAH COUNTY, ALABAMA
By _____
Date  9-4-15

# *EXHIBIT-C*

Let the record show One who is known as Roger W. Watts, Protector, Property Manager and NAKED Owner Assumed Name / Trade Name ROGER W WATTS; hereby gives notice for **UCC-1 and UCC1-AD Financing Statement Instrument Number <u>044 2015 02533</u> Pages <u>2</u>** dated June 18, 2015 filed and recorded in Superior Court for DeKalb County Georgia.

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

0 4 4  2015 0 2 5 3 3
CTY#   YEAR    UCC#

FILED
2015 JUN 18 PM 1:35
CLERK SUPERIOR COURT
DEKALB COUNTY GA

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Watts Office of Executor

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Watts Office of Executor
ROGER WILLIAM WATTS Estate
1515 Bellevue Drive
Gadsden, Alabama [35904]

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ROGER W WATTS (ORGANIZATION/TRADE NAME/TRADE MARK-DEBTOR) | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1300 Union Street | Selma | AL | 36701 | US |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ROGER WILLIAM WATTS (ORGANIZATION/TRADE NAME/TRADE MARK-DEBTOR) | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 600 Dexter Ave #105S | Montgomery | AL | 36130 | US |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Watts | Roger | William | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| c/o: 1515 Bellevue Drive | Gadsden | Alabama | [35904] | united States |

4. COLLATERAL: This financing statement covers the following collateral:
This is Actual and Constructive Notice that all property belonging to the Debtor/Bailee, ROGER WILLIAM WATTS and any derivatives thereof, belongs to the Secured Party including but limited to Amended Certificate of Live Birth 101-1939-55801; SSN # ***-**-8281; Treasury Direct Account No. E-***-**9-311; U.S. Department of State Full Faith and Credit  Annex No. 15035843-3; United States Passport Book No. ***** 6373; Custodial Federal Reserve Account No. F-****1988; Alabama Drivers Licenses No. ***0845; State of Alabama Business License No. 3685, Control No. 311503686, Account No. 25532-2015; Wells Fargo Bank NA, Route Number 062000080 and Account No. *****2534. This is the entry of the Debtor(s) in the Commercial Registry as a transmitting utility and the following property is hereby registered in the same as public notice of a commercial transaction NOTICE: In accordance with UCC – Property - this is the entry of the Debtor in the Commercial Registry as a transmitting utility and the following property is hereby registered in the same as public notice of a commercial transaction. All Assumed Fictitous Names / Doing Business Names / Trade Names, ROGER WILLIAM WATTS, ROGER W WATTS, WATTS ROGER WILLIAM,  ROGER WATTS, ROGER WATTS SR, ROGER W WATTS SR, ROGER WILLIAM WATTS SR, WATTS ROGER WILLIAM SR, R WATTS, RWW, WATTS, WATTS SR, SR ROGER WILLIAM WATTS, RW WATTS SR, RW WATTS and any derivatives thereof, belongs to the Secured Party.

5. Check only if applicable and check only one box: Collateral is ☑ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☑ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☑ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Subscribed and Sealed By:_____, Living Principal, Naked Owner and Secured Party.

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)
International Association of Commercial Administrators (IACA)

# UCC FINANCING STATEMENT ADDENDUM

0 4 4  2015 0 2 5 3 3

2015 JUN 18 PM 1: 35

FOLLOW INSTRUCTIONS

CLE___ __ _____ _____
GERALD COUNTY GA

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank
because Individual Debtor name did not fit, check here ☐

UCC1?

| 9a. ORGANIZATION'S NAME |
|---|
| ROGER W WATTS (ORGANIZATION/TRADE NAME/TRADE MARK-DEBTOR) |

OR

| 9b. INDIVIDUAL'S SURNAME |
|---|
| |
| FIRST PERSONAL NAME |
| |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| 10a. ORGANIZATION'S NAME |
|---|
| WATTS, ROGER WILLIAM  (ORGANIZATION/TRADE NAME/TRADE MARK-DEBTOR) |

OR

| 10b. INDIVIDUAL'S SURNAME |
|---|
| |
| INDIVIDUAL'S FIRST PERSONAL NAME |
| |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 600 Dexter Ave #105S | Montgomery | AL | 36130 | US |

**11.** ☑ ADDITIONAL SECURED PARTY'S NAME  or  ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| 11a. ORGANIZATION'S NAME |
|---|
| Watts Office of Executor |

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1515 Bellevue Drive | Gadsden | AL | 35904 | USA |

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**
**All property belonging to debtor/bailee belongs to secured party. All property of secured party is subject to claims and defenses: 1. Declaration of Independence for protection and defense of the self-evident truth, and; 2. State of Alabama as administrator and usufructuary, and; 3. Quiet enjoyment of property and persons remains with Secured Party with care and maintenance provided by usufructuary.**

| 13. ☑ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS  (if applicable) | 14. This FINANCING STATEMENT:  ☐ covers timber to be cut   ☑ covers as-extracted collateral   ☐ is filed as a fixture filing |
|---|---|
| **15. Name and address of a RECORD OWNER of real estate described in item 16** (if Debtor does not have a record interest):<br>**Alabama Center for Health**<br>**Department of Public Health**<br>**Division of Vital Records**<br>**c/o: The RSA Tower**<br>**201 Monroe Street,**<br>**Montgomery, AL 36104** | 16. Description of real estate:<br>**Amended State of Alabama, Certificate of Live Birth Record No. 101-1939-55801; U.S. Department of State Full Faith and Credit Annex No. 15035843-3.**<br><br>:Notice:<br>**Being age of majority, Secured Party exercises claim in recoupment for pledge and grant of bailment of person and property in the state of infancy accepted by and delivered to debtors/bailees as consideration for act of bailment by Secured Party.** |

**17. MISCELLANEOUS:**
**Subscribed and Sealed By:** _____, **Living Principal, Naked Owner and Secured Party.**

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

# *EXHIBIT-D*

Let the record show One who is known as Roger W. Watts, Protector, Property Manager and NAKED Owner Assumed Name / Trade Name ROGER W WATTS; hereby gives notice for **UCC-3 Financing Statement Assignment Instrument Number <u>044 2015 02534</u> Pages <u>1</u>** dated June 18, 2015 filed and recorded in Superior Court for DeKalb County Georgia.

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

044 2015 02534

2015 JUN 18 PM 1: 37

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
In care of: Loretta Elizabeth Lynch, U.S. Attorney General

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:   (Name and Address)**

┌                                                        ┐
United States Attorney's Office
For the District of Columbia
555 4th Street, NW,
Washington, DC 20530
└                                                        ┘

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|
| 044 - 2015 - 02533 | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☑ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes: **AND** Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record / ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c / ☐ ADD name: Complete item 7a or 7b, and item 7c / ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION:  Complete for Party Information Change - provide only one name (6a or 6b)

**6a. ORGANIZATION'S NAME**
ROGER W WATTS (ORGANIZATION/TRADE NAME/TRADE MARK-DEBTOR)

OR

| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

**7a. ORGANIZATION'S NAME**
UNITED STATES TREASURY

OR

**7b. INDIVIDUAL'S SURNAME**

**INDIVIDUAL'S FIRST PERSONAL NAME**

**INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)**                                    SUFFIX

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1500 Pennsylvania Avenue NW | Washington | DC | 20220 | US |

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes:  ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☑ ASSIGN collateral
Indicate collateral:
**This is an actual constructive public notice of a full assignment for release of expectancy and release of reversionary interest assigned to and for the UNITED STATES upon condition and property so received be sold and the proceeds used to reduce the public debt as gratitude for the gift of safe harbor as per 12 USC 95a (2). 1. Usufructary interest assigned to and for the account of UNITED STATES OF AMERICA in fulfillment of the law. 2. Remainderman assigned to and for the account of STATE OF ALABAMA in fulfillment of the law.**

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

**9a. ORGANIZATION'S NAME**

OR

| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| Watts | Roger | William | |

10. OPTIONAL FILER REFERENCE DATA:
Subscribed and Seal By: _____ , Living Principal, Naked Owner and Secured Party.

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

# *EXHIBIT-E*

Let the record show evidence of the said AFFIDAVIT FOR REVOCATION OF MORTGAGE was filed and recorded the 13th day of August 2015, Miscellaneous Instrument Number 3422088, Pages 13, in the Etowah County Probate Office, Etowah County Probate Judge Bobby M. Junkins, 800 Forrest Avenue, Gadsden, AL 35901. NOTICE the said AFFIDAVIT FOR REVOCATION OF MORTGAGE has been entered herein on and for the record August 13, 2015.

<u>Recording Requested by:</u>
Roger William Watts
P.O. Box 894
Gadsden, Alabama 35902

<u>And when Recorded Mail to:</u>
Roger William Watts
P.O. Box 894
Gadsden, Alabama 35902

**MORTGAGE REVOCATION**

State of Alabama, Etowah County
I certify this instrument was filed
and fees collected on:

2015 August  -13  10:48AM

Instrument Number 3422088  Pages  13
-------MISCELLANEOUS-------
Recording Fee  ..00  CERTIFICA   3.00
SCAN FEE      10.00  MENTAL HE   2.00
PROBATE J      3.00
Total Fees ------------------   57.00
Bobby Junkins, Judge of Probate

## AFFIDAVIT FOR REVOCATION OF MORTGAGE

BE IT KNOWN: I am Roger William of the Watts family, hereafter "One" or "Roger William Watts" the living sentient man created in the image of Almighty God, with indefeasible title to One's land. Let the record show pursuant to 12 USC 95a (2), One is the Protector, Property Manager and NAKED Owner for the landed estate known as ROGER WILLIAM WATTS and its real property and interest under the seal of <u>Roger William Watts</u> in the capacity of <u>Roger W. Watts</u>, recorded as the President for the <u>MORTGAGOR</u> Entity Name: ENRESTORATION INC on the MORTGAGE/Security Instrument dated March 12 1999 also described on the attached authentic said MORTGAGE, Security Instrument filed and recorded the 22nd day of March 1999, Book 1999, Page 81, Doc #: M-1999-1222, Year: 1999, which lacked Lender / Mortgagee acknowledgement and acceptance of said MORTGAGE / Security Instrument herein referenced.

One accepts the oaths of all lawful officers and binds them to it, and in return extends my sovereign immunities to carry out this lawful order.

As President for the <u>MORTGAGOR</u>, Entity Name: ENRESTORATION INC. Roger William Watts in the capacity of <u>Roger W. Watts</u>, sealed a MORTGAGE/Instrument dated March 12 1999 naming TONY PEARSON and wife PATTIE PEARSON as the Lender / Mortgagee as witnessed by a Notary Public.

Evidence of said MORTGAGE/Security Instrument can be found in the Etowah County Probate Office, Etowah County Probate Judge Bobby M. Junkins, 800 Forrest Avenue, Gadsden, AL 35901; MORTGAGE/Security Instrument dated March 12 1999, filed and

Page - 1 -of 3  **REVOCATION OF MORTGAGE**

recorded the 22nd day of March 1999, Book 1999, Page 81, Doc #: M-1999-1222, Year: 1999.

Under the lawful powers of the President for the <u>MORTGAGOR</u>, Entity Name: ENRESTORATION INC, of the said modern statutory MORTGAGE; One herein revokes said MORTGAGE/Security Instrument due to lack of execution and or delivery acknowledgement by the Lender or its agent. The Lender or its agent shall acknowledge delivery of a said MORTGAGE and until then the President for the <u>MORTGAGOR</u>, Entity Name: ENRESTORATION INC has the power to revoke said MORTGAGE. **One has executed that power here, now, today.**

Therefore all assignments, rents, issues, profits, and right and title that are the beneficial interest of this Mortgage are to be immediately reverted absolutely to Roger William of the Watts family in the name of One's landed estate ROGER WILLIAM WATTS. One further declares the Officer(s) of said MORTGAGE free and discharged from any further responsibility of the administration and management of said Mortgage and the principle thereof.

One's wish to revoke said MORTGAGE and all assignments is now a matter for the public authentic record as One's freewill act and deed, witnessed under One's hand and seal and lawfully acknowledged and attested too with full faith and credit guaranteed by Article 4 section 1 of the United States of America Constitution.

Done under One's seal of One's freewill act and deed

Executed this _10_, day of August 2015

By: _Roger William Watts_
Roger William Watts, President
For: Enrestoration Inc., MORTGAGOR

# STATE OF ALABAMA }
## ETOWAH COUNTY

I, Bobby M. Junkins, Judge and also Clerk of the Probate Court in and for the County of Etowah, and being the official custodian of the records of public officers of said County, do hereby certify that _Floria C Gunn_ _____, whose name is subscribed to the attached certificate of acknowledgement, proof or affidavit, was at the time of taking said acknowledgement, proof or affidavit, a _Notary Public_ _____, duly commissioned and sworn and residing in said County, and was, as such, an officer of said State, duly authorized by the laws thereof to take and certify the same, as well as to take and certify the proof and acknowledgement of deeds and other instruments in writing to be recorded in said State and that full faith and credit are and ought to be given to his official acts; and I further certify that I am well qualified with his handwriting, and verily believe that the signature to the attached certificate is his genuine signature. This commission expires the _13th_ day of _March_, 20 _16_.

In Witness Whereof, I have hereunto set my hand and affixed my official seal this _15th_ day of _June_, 20 _15_.

_Bobby M. Junkins_

Judge, and Ex. Officio Clerk of Probate Court
Etowah County, Alabama

## REVOCATION OF MORTGAGE

## __JURAT__

State of Alabama )
) solemnly affirming
County of Etowah ) and subscribing

By: _Roger William Watts_
Roger William Watts, President
For: Enrestoration Inc., MORTGAGOR

On August _10_, 2015 personally appeared before me, <u>Roger William Watts</u>, the President for the <u>MORTGAGOR</u>, Entity Name: ENRESTORATION INC; to me known to be the living sentient man described herein and who executed the foregoing instrument and acknowledged to me that he executed the same as his freewill act and deed.

Witness my hand and official seal

By: _Gloria E. Glenn_
Notary Public

My commission expires: 03/29/2016

Page - 3 -of 3  REVOCATION OF MORTGAGE

JOHN H. MERRILL                                ALABAMA STATE CAPITOL
SECRETARY OF STATE                             MONTGOMERY, AL 36130

# STATE OF ALABAMA

**I, John H. Merrill, Secretary of State of the State of Alabama, having custody of the Great and Principal Seal of said State, do hereby certify that**

my signature to the foregoing instrument, as the duly commissioned Secretary of State in the state of Alabama and the seal of Alabama attached to the foregoing instrument are, to the best of my knowledge, information and belief, genuine.



**In Testimony Whereof, I have hereunto set my hand and affixed the Great Seal of the State, at the Capitol, in the City of Montgomery, on this day.**

_____ June 15, 2015 _____
**Date**

John H. Merrill                           **Secretary of State**

2015-015938

**JOHN H. MERRILL**
SECRETARY OF STATE

ALABAMA STATE CAPITOL
MONTGOMERY, AL 36130

# STATE OF ALABAMA

**I, John H. Merrill, Secretary of State of the State of Alabama, having custody of the Great and Principal Seal of said State, do hereby certify that**

the pages hereto attached contain a true, accurate, and literal copy of the oath of office and commission certificate of the Honorable Bobby M. Junkins, Probate Judge of Etowah County, and the same appears on file and of record in this office.



**In Testimony Whereof, I have hereunto set my hand and affixed the Great Seal of the State, at the Capitol, in the City of Montgomery, on this day.**

**Date**    June 15, 2015

John H. Merrill                                    **Secretary of State**

**FILED**

JAN 0 9 2013

BOBBY M. JUNKINS
JUDGE OF PROBATE

# *Oath of Office*

I, ___Bobby M. Junkins___ *solemnly swear (or affirm, as the case may be) that I will support the* **Constitution of the United States,** *and the* **Constitution of the State of Alabama,** *so long as I continue a citizen thereof; and that I will faithfully and honestly discharge the duties of the office upon which I am about to enter, to the best of my ability, So help me God.*

_____
Signature

_____
Probate Judge of Etowah County
*Office*

## *Certification of Administering Officer*

*The above Oath was subscribed and sworn to before me this* ___9th___ *day of* ___January___ *20* _13_ .

_____
*Signature of Administering Officer*

The Honorable William H. Rhea, III, Circuit Judge, Sixteenth District
*Title*

STATE OF ALABAMA)

COUNTY OF ETOWAH)

ASSIGNMENT - DOC# MISC-2005-4690

This instrument prepared by:
GEORGE C. DAY, JR.
Attorney at Law
1917 Rainbow Drive
Gadsden, Alabama 35901

## *MORTGAGE*

KNOW ALL MEN BY THESE PRESENTS, that whereas the undersigned ENRESTORATION, INC., a corporation, is justly indebted to TONY PEARSON and wife, PATTIE PEARSON, in the sum of Three Hundred Eighty Thousand and no/100 dollars ($380,000.00), evidenced by one Promissory Note of even date herewith, payable according to the terms therein set forth, and whereas it is desired by the undersigned to secure the prompt payment of said indebtedness with all charges and interest set forth in such Note when the same falls due,

NOW THEREFORE, in consideration of the said indebtedness, and to secure the prompt payment of the same at maturity, the undersigned ENRESTORATION, INC., a corporation, do hereby grant, bargain, sell and convey unto the said TONY PEARSON and wife, PATTIE PEARSON (hereinafter referred to as Mortgagee), the following described real property situated in Etowah County, Alabama, to-wit:

Beginning at the Southeast corner of the Southwest Quarter of the Northwest Quarter, Section 20, Township 12 South, Range 6 East; thence running Westerly along the South line of said forty for 955.7 feet to a point in the Easterly right of way line of Sutton's Bridge Road; thence running Northerly and along the Easterly line of said road for 206.43 feet to a point, said point being the point of beginning; thence running Easterly and parallel with the Southerly line of said forty for 883.8 feet to a point; thence deflecting to the left so as to form an interior angle of 62 degrees 0' and running 194.92 feet to a point; thence deflect to the left 62 degrees 0' and running parallel to the Southerly line of said forty for 822.4 feet to a point in the Easterly right of way line of Sutton's Bridge Road; thence deflect to the left and running along said Easterly line of said road for 175.0 feet to the point of beginning; lying in and being a portion of the Southwest Quarter of the Northwest Quarter in Section 20, Township 12 South, Range 6 East, Township of Rainbow City, Etowah County, Alabama.

SAVE AND EXCEPT all such portions thereof as are situated East of a line running due North and South, which line is 25 feet East of the most Easterly exterior wall of the building some 120.5 feet by 150 feet in dimension, which is included in the subject property, which line is indicated [for illustration, not necessarily exactly to scale] on copy of survey by Robert Wagnon, Surveyor, dated August 31, 1994, attached hereto and incorporated by reference herein as Exhibit "A".

SUBJECT TO an easement to be retained by Sellers, for access to and from Sutton Bridge Road, across the Northerly 25 feet of the subject property, which easement is for the benefit of the real property being retained by Sellers, as saved and excepted above, which easement shall run with the land.

TO HAVE AND TO HOLD the above granted premises unto the said Mortgagee forever.

FOR THE PURPOSE of further securing the payment of said indebtedness, the undersigned, agrees and covenants with Mortgagee to pay all taxes, or assessments, when legally imposed upon said premises, and should default be made in the payment of same, said Mortgagee has the option of paying off the same; and to further secure said indebtedness, the undersigned agrees to keep the improvements on said real estate insured against loss or damage by fire or other casualty for the reasonable insurable value thereof, in companies satisfactory to the Mortgagee, with loss, if any, payable to said Mortgagee, as the interest of said Mortgagee may appear, and promptly to deliver said policies, or any renewals of said policies to said Mortgagee; and if the undersigned fail to keep said property insured as above specified, or fail to deliver said insurance policies to said Mortgagee, then said Mortgagee has the option of insuring said property for said sum for the benefit of said

Mortgagee, the policy, if collected, to be credited on said indebtedness, less cost of collecting same; all amounts so expended by said Mortgagee for taxes and/or insurance, additional to the debt hereby specifically secured, shall be a portion of the indebtedness secured by this Mortgage, and bear interest from the date of payment by said Mortgagee at the rate of 10% per annum, and shall be at once due and payable.

MORTGAGOR FURTHER COVENANTS with Mortgagee, that while Mortgagor may renovate, remodel or alter the interior of the improvements, Mortgagor may not make any exterior or structural alterations in said improvements, other than ordinary and customary maintenance of the exterior, without the prior written consent of Mortgagee.

UPON CONDITION, however, that if the said Mortgagor pays said indebtedness and reimburses said Mortgagee for any amounts Mortgagee may have expended for taxes, assessments and insurance, and the interest thereon, then this conveyance to be null and void, but should default be made in any payment due under the Note secured hereby, or in reimbursement of any sum expended by the said Mortgagee, or should said indebtedness hereby secured, or any part thereof or the interest thereon remain unpaid at maturity, or should the interest of said Mortgagee in said property become endangered by reason of the enforcement of any prior lien or encumbrances thereon, so as to endanger the debt hereby secured, or if any statement of lien is filed under the Statutes of Alabama relating to the liens of mechanics and materialmen without regard to form and contents of such statement and without regard to the existence or nonexistence of the debt or any part thereof or of the lien on which such statement is based, or should Mortgagor convey away any interest in said real property, or should Mortgagor make any exterior or structural alterations in the improvements situated upon the above-described real property, other than ordinary and customary maintenance of the exterior, without the prior written consent of Mortgagee, or should Mortgagor commit waste upon said property and improvements thereon, or in any respect fail to maintain same in good condition, then in any one of said events, the whole of said indebtedness hereby secured shall at once become due and payable and this mortgage be subject to foreclosure as now provided by law in case of past due mortgages and the said Mortgagee shall be authorized to take possession of the premises hereby conveyed and with or without first taking possession, after giving twenty-one days notice by publishing once a week for three consecutive weeks, the time, place and terms of sale, in some newspaper published in said County and State, to sell the same in lots or parcels, or en masse, as Mortgagee may deem best in front of the Courthouse door in said County, at public outcry, to the highest bidder for cash and apply the proceeds of said sale, First, to the expense of advertising, selling and conveying, including a reasonable attorney's fee; Second, to the payment of any amounts that may have been expended, or that it may be necessary then to expend in paying insurance, taxes, or other encumbrances, with interest thereon; Third, to the payment of said indebtedness in full, whether the same shall or shall not have fully matured at the date of said sale, but no interest shall be collected beyond the day of sale, and Fourth, the remainder if any, to be turned over to the said Mortgagor, and the undersigned further agrees that said Mortgagee may bid at said sale and purchase said property, if the highest bidder therefor, as though a stranger hereto, and the person acting as auctioneer at such sale is hereby authorized and empowered to execute a deed to the purchaser thereof in the name of the Mortgagor by such auctioneer as agent, or attorney in fact, and the undersigned further agrees to pay a reasonable attorney's fee to said Mortgagee for the foreclosure of this mortgage in Chancery, should the same be so foreclosed, said fee to be part of the debt hereto secured.

It is expressly understood that the word "Mortgagee" wherever used in this mortgage refers to the person, or to the persons or to the corporation named as grantee or grantees in the granting clause herein.

Any estate or interest herein conveyed to said Mortgagee, or any right or power granted to said Mortgagee in or by this mortgage is hereby expressly conveyed and granted to the heirs, and agents, and assigns, of said Mortgagee, or to the successors and agents and assigns of said Mortgagee, if a corporation.

Should Mortgagor desire to pay off the indebtedness secured hereby within the first seven (7) years of the schedule of payments provided by the Note secured by this Mortgage, there is no prepayment privilege, and all interest which would accrue during such first seven (7) years shall nonetheless be payable. After the first seven (7) years of the said schedule of payments, there is a prepayment privilege, and, in the event of prepayment in full after such first seven (7) years, interest

shall be calculated only through the date of receipt by Mortgagee of such prepayment in full.

Mortgagor acknowledges by its signature below, that the delay or omission by Mortgagee to exercise any right or power provided in this Mortgage shall not constitute a waiver of such right or power or acquiescence in any default on the part of the Mortgagor.  Any default on the part of Mortgagor shall be construed as continuous, and Mortgagee may exercise every right and power hereunder at any time during the continuance of such default, or upon the occurrence of any subsequent default.  Waiver of any breach of any covenant or provision hereof shall not constitute a continuing waiver or a waiver of any subsequent breach, either of the same or of another provision of this Mortgage.

IN WITNESS WHEREOF, Enrestoration, Inc., a corporation, has caused its name to be affixed hereunto, this _12_ day of March, 1999.

ENRESTORATION, INC., a corporation

BY: _Roger W. Watts_
_ROGER W. WATTS_
Its President

ATTEST:

_Roberta Watts_
Secretary/Treasurer

STATE OF ALABAMA)

COUNTY OF ETOWAH)

I, the undersigned, a Notary Public in and for said State and in said County, hereby certify that _Roger W. Watts_ , whose name as President of ENRESTORATION, INC., a corporation, is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he/she, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and official seal, this the _14_ day of March, 1999.

NOTARY PUBLIC
MY COMMISSION EXPIRES JUNE 24, 2001

Book: 1999, Page: 81, Doc. #: M-1999-1222

| Fees: | |
|---|---|
| Mental Health | $2.00 |
| Probate Judge | $3.00 |
| Certification | $1.00 |
| Recording | $10.00 |
| Index | $0.00 |
| Mtg. Tax | $570.00 |
| Total Fees | $586.00 |

STATE OF ALA. ETOWAH CO.
I CERTIFY THIS
INSTRUMENT WAS FILED

Mar 22, 1999  9:41 AM

U.C.C. FILE NUMBER OR
REC. BK. & PG. AS SHOWN ABOVE
BOBBY M. JUNKINS
JUDGE OF PROBATE

# Survey

Exhibit "A"



| | | |
|---|---|---|
| STATE OF ALABAMA | ) | ASSIGNMENT OF MORTGAGE, |
| COUNTY OF ETOWAH | ) | MORTGAGE NOTE, MORTGAGE |
| | ) | LIEN, PERSONAL GUARANTY & |
| | ) | POWER OF ATTORNEY |

FOR AND IN CONSIDERATION of the sum of **TWO HUNDRED EIGHTY-FIVE THOUSAND AND NO/100 DOLLARS ($285,000.00)** paid by **THE EXCHANGE BANK OF ALABAMA** to **TONY PEARSON and wife, PATTIE PEARSON**, the receipt and sufficiency of which said consideration is hereby acknowledged, we, Tony Pearson and wife, Pattie Pearson, as Mortgagees, hereinafter referred to as "Assignors" do hereby sell, transfer and assign, without recourse, to The Exchange Bank of Alabama, hereinafter referred to as "Assignee" that certain mortgage executed by Enrestoration, Inc., a corporation, as Mortgagor, in favor of Tony Pearson and wife, Pattie Pearson, as Mortgagees, dated the 12th day of March, 1999 and recorded in Book "199", Page 81, DOC.# M-1999-1222 in the Office of the Judge of Probate of Etowah County, Alabama, together with the mortgage note of even date secured by said mortgage, with interest thereon, together with the mortgage lien secured by said mortgage and mortgage note.

In addition, Assignors hereby sell, assign and transfer, without recourse, to the Assignee that personal guaranty agreement dated the 12th day of March 1999 executed by Roger Watts and Roberta Watts in favor of Tony Pearson and wife, Pattie Pearson, further securing the repayment of the above mortgage lien indebtedness.

Each of the Assignors hereby covenant with the Assignee and agree that they are the lawful owners and holders of the above described mortgage, mortgage note and mortgage lien, and that Assignors have good right to sell, transfer and assign the same as stated above.

In addition, Assignors hereby make, constitute and appoint the Assignee as their attorney-in-fact, irrevocable, in Assignors' names or otherwise, but at the expense of the Assignee, to have, use, and take all lawful means for the recovery of the principal and interest secured by the above stated mortgage and mortgage note, and in case of payment to discharge the mortgage as fully as Assignors might, or could, do if this assignment were not made.

IN WITNESS WHEREOF, we, Tony Pearson and wife, Pattie Pearson, have each hereunto our respective names and signatures on this the ⅄⅄⅄ day of July, 2005.

TONY PEARSON – Assignor – Mortgagee

PATTIE PEARSON – Assignor – Mortgagee

ACCEPTED:

THE EXCHANGE BANK OF ALABAMA –
Assignee

BY: _____
ITS DULY AUTHORIZED REPRESENTATIVE


STATE OF ALABAMA
COUNTY OF ALABAMA

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that **TONY PEARSON and wife, PATTIE PEARSON**, whose names are signed to the foregoing, and who are each known to me, acknowledged before me on this day that, being informed of the contents of the foregoing document, they executed the same voluntarily on the day the same bears date.

Given under my hand and official seal of office on this the 18th day of July, 2005.

_____
NOTARY PUBLIC – STATE OF ALABAMA

THIS DOCUMENT PREPARED BY:
CURTIS WRIGHT, ATTORNEY AT LAW,
GADSDEN, ALABAMA.

DANIELLE COLON
Notary Public, AL State at Large
My Comm. Expires April 18, 2009

Doc. #: Misc-2005-4690. Year: 2005, Day: 206

| Fees: | | STATE OF AL, ETOWAH COUNTY |
|---|---|---|
| Mental Health | $2.00 | I Certify This |
| Probate Judge | $3.00 | Instrument Was Filed |
| Certification | $3.00 | |
| Recording | $6.00 | JUL 25, 2005, 12:36 PM |
| Charter | $0.00 | |
| Index | $0.00 | U.C.C. File Number or |
| Deed Tax | $0.00 | Doc. # as Shown Above |
| Mtg. Tax | $0.00 | |
| Satisfaction | $0.00 | BOBBY JUNKINS |
| Bond Fee | $0.00 | Judge of Probate |
| Scan Fee | $5.00 | |
| Other Fee | $0.00 | |
| Total Fees | $19.00 | |
| Secretary State | $0.00 | |

**Of Pro se, Counsel:**
Roger William Watts, and Roger William Watts Jr.,
BETHLEHEM MANAGEMENT
 c/o: P.O. Box 894
Gadsden, Alabama 35902


## FOR LOCAL SHERIFF OFFICE FOR DELIVERY


**PLEASE SERVE DEFENDANT AT:**
**Registered Agent:** Robert P. Reynolds

Reynolds, Reynolds and Little, LLC
2115, 11th Street,
Tuscaloosa, Alabama 35403

## CERTIFICATE OF SERVICE

This is to certify that the within and foregoing VERIFIED COMPLAINT

FOR WRONGFUL FORECLOSURE AND WILLFUL FRAUD AND

NOTICE OF CLAIM OF LIS PENDENS LIEN was deposited with the local

Sheriff's Office for delivery to the following:

TO:   **PLEASE SERVE DEFENDANT AT:**
      **Registered Agent:** Robert P. Reynolds

      Reynolds, Reynolds and Little, LLC
      2115, 11th Street,
      Tuscaloosa, Alabama 35403

Respectfully submitted this _10_ day of September, 2015

By: _____
Roger William Watts, Pro se

By: _____
Roger William Watts Jr. Pro se